UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**COLLEEN J. PRIEBE,**

       **Plaintiff,**         **CIVIL ACTION NO. 07-CV-10973-DT**

  **VS.**                  **DISTRICT JUDGE JOHN FEIKENS**

**BUSH, President,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
       **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION**:    Dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has failed to state a claim upon which relief may be granted and her allegations lack an arguable basis in law or fact and are frivolous.

**II.**    **REPORT**:

This matter comes before the Court on a referral for a determination of whether Plaintiff's Complaint states a cause of action. (Docket no. 4). Plaintiff is proceeding *in forma pauperis* and is representing herself. This matter is now ready for ruling.

Plaintiff's Complaint names President Bush and Donald Rumsfeld, the former Secretary of Defense, as Defendants. The Complaint does not clearly set out the law upon which any cause of action is based. Plaintiff claims that President Bush and former Defense Secretary Rumsfeld violated her rights and those of her family under the "right-to-know statutes of environmental law" which caused her and her family bodily harm and injury. Defendants violated her rights by allegedly failing to declassify information Plaintiff and her family needed to obtain adequate medical care for ingesting toxic substances from the contaminated groundwater from certain Department of Defense sites, primarily bases of the Army and Air Force. (Docket no. 1 at 2).

These allegations are only a small portion of the facts alleged in the Complaint, however. The Complaint is 35 pages in length. Plaintiff alleges that in 1983 she moved from Michigan to Colorado. While in Colorado state and local government officials took advantage of Plaintiff's head injury, which may be related to the contaminated groundwater in and around Department of Defense sites, to use Plaintiff to "reinvent the disciplinary procedures for judges and district attorneys without amending the state constitution." (*Id.* at 8). The FBI appeared at Plaintiff's place of employment after she was in a car accident and was cited for having no insurance on her car. She went to court on the citation, but there was no judge in court. An Assistant District Attorney allegedly found her guilty. (*Id.* at 9). In June 1992, employees of the District Attorney's office and judges began coming to her place of employment. (*Id.* at 10). Local police began surveillance of her at this time also. (*Id.*) Plaintiff was entrapped by the use of organized crime and gang members. (*Id.*)

Plaintiff reveals in her Complaint that she has been examined by Dr. Olin, the head of Forensic Medicine at the Colorado State Hospital. (*Id.* at 19). Dr. Olin may have been sent by a Chief Justice of the Colorado Supreme Court to spy on her. (*Id.*)

Plaintiff further claims that she returned to the Detroit area in May of 2000. She sent her case to the Department of Justice in Washington and former Attorney General Ashcroft took her case to President Bush. President Bush took her case to his Cabinet. Members of the Cabinet allegedly recognized that Plaintiff's medical problems were linked to contaminated groundwater from Department of Defense sites. The President wanted to "do the case as a domestic terrorism case." (*Id.* at 27). Plaintiff never heard from the Justice Department, however "surveillance was started using the Department of Defense." (*Id.* at 27-28).

Plaintiff seeks as relief for the Court to declassify information, and award damages, attorney fees, and costs. She also seeks "possibly some type of injunctive relief." (*Id.* at 35).

Under 28 U.S.C. § 1915(e)(2)(B), notwithstanding any filing fee or portion thereof that may have been paid, the Court must dismiss the case if it finds that the action is frivolous or malicious or fails to state a claim upon which relief may be granted. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional," or if it is based on legal theories that are indisputably meritless. *Id.* at 866.

Plaintiff's factual allegations when considered as a whole are fantastic or delusional. In addition, the legal basis for her claim is overly general and incomprehensible. It appears that she wishes to hold Defendants liable not for any affirmative action they took but for their failure to declassify information. She fails to allege that there was any legally binding authority obligating Defendants to declassify the information regarding the Department of Defense sites. At most Plaintiff is relying upon unspecified environmental "right-to-know" laws. There is no allegation, however, that such laws would create an obligation for Defendants to declassify any information. Moreover, even if Plaintiff overcame all of these obstacles, she would be faced with an almost impossible task of showing that the Defendants' failure to act was the cause of any injury to her or her family. For all of these reasons, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because the action is frivolous and fails to state a claim upon which relief may be granted.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §

636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 24, 2007                         s/ Mona K. Majzoub
                                                        MONA K. MAJZOUB
                                                        UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Colleen J. Priebe on this date.

Dated: April 24, 2007                         s/ Lisa C. Bartlett
                                                        Courtroom Deputy